**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30689
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARION MCCOY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-207-6-N
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Garion McCoy appeals the district court's denial of his motion
for new trial, filed approximately 19 months after entry of the
judgment of conviction and sentence.  He based the motion on the
affidavit of Jammy Adams, which discredited the testimony of David
Mitchell Leboeuf, the Government's witness against him at trial.
LeBoeuf's statements contained in Adams' affidavit constitute
impeachment evidence, thus making the statements an unsound basis

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a motion for new trial.  See <u>United States v. Freeman</u>, 77 F.3d 812, 817 (5th Cir. 1996); <u>United States v. Pena</u>, 949 F.2d 751, 758 (5th Cir. 1991).  Affidavits do not constitute "newly discovered evidence" under FED. R. CRIM. P. 33.  <u>United States v. Lopez</u>, 979 F.2d 1024, 1036 (5th Cir. 1992).  Moreover, as noted by the district court, LeBoeuf's letters to the Government seeking transfer to another prison to be separated from McCoy support the inference that he did not lie at trial about McCoy's involvement in the offenses at issue.  The district court did not abuse its discretion in denying McCoy's motion for a new trial.  See <u>Freeman</u>, 77 F.3d at 817.

**AFFIRMED**.